Conforming Copy

1   JOHN C. ULIN (State Bar No. 165524)
    John.Ulin@aporter.com
2   JAMES S. BLACKBURN (State Bar No. 169134)
    James.Blackburn@aporter.com
3   ERIC D. MASON (State Bar No. 259233)
    Eric.Mason@aporter.com
4   ARNOLD & PORTER LLP
5   777 South Figueroa Street, 44th Floor
    Los Angeles, California  90017-5844
6   Telephone: (213) 243-4000
    Facsimile:  (213) 243-4199
7

8   *Attorneys for Plaintiffs*

```
           FILED
   CLERK U.S. DISTRICT COURT

      JUL 26 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY
```

9

10                  **UNITED STATES DISTRICT COURT**

11                  **CENTRAL DISTRICT OF CALIFORNIA**

12                        **WESTERN DIVISION**

13   CV12- 06408 SJO (PLAx)

14   SWEET PEOPLE APPAREL, INC.          Case No.: _____
     d/b/a Miss Me, a California corporation
15   and RCRV, INC. d/b/a ROCK          COMPLAINT FOR:
     REVIVAL, a California corporation
16                                       (1) Copyright Infringement in Violation of
                      Plaintiffs,            17 U.S.C. § 501
17
         v.                              (2) Trademark Infringement in Violation of
18                                           15 U.S.C. §§ 1114 and 1125(a);
     LA IDOL FASHION, INC., a
19   California corporation, I-YUN YIH    (3) False Designation of Origin in Violation
     a/k/a NANCY YIH, an individual, and      of 15 U.S.C. § 1125(a);
20   JOHN DOES 1-10, inclusive,
                                         (4) Common Law Trademark Infringement
21                   Defendants.             and Unfair Competition;
22
                                         (5) Unfair Competition in Violation of
23                                           California Bus. & Prof. Code §§17200
                                             *et seq.*;
24
                                         **Demand for Jury Trial**
25

26

27

28

Plaintiffs Sweet People Apparel, Inc. d/b/a Miss Me ("Sweet People") and RCRV, Inc. d/b/a Rock Revival ("RCRV") (collectively "Plaintiffs"), by and through their undersigned counsel, complain of Defendants LA Idol Fashion, Inc. ("LA Idol"), and I-Yun Yih a/k/a Nancy Yih ("Yih") (collectively "Defendants") and allege as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.  Plaintiffs' claims are predicated upon the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq*., the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*., and substantial and related claims under the statutory and common law of the State of California.

2.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 1400(a), because Defendants are either subject to personal jurisdiction within this judicial district, and/or because a substantial part of the events giving rise to Plaintiffs' claims occurred within this judicial district.

## NATURE OF THE ACTION

3.      Sweet People seeks injunctive relief and damages for acts of copyright infringement, trademark infringement, false designation of origin and unfair competition, engaged in by Defendants in violation of the laws of the United States and the State of California.

4.      RCRV seeks injunctive relief and damages for acts of trademark infringement, false designation of origin, and unfair competition, engaged in by Defendants in violation of the laws of the United States and the State of California.

5.      In particular, this case concerns Defendants' continuing efforts to willfully, deliberately and systematically target Plaintiffs, and infringe their most distinctive and popular designs, used on and in connection with Plaintiffs' highly successful lines of jeanswear products.

6.      In August 2011, Plaintiffs learned that Defendant LA Idol was offering

for sale and selling jeanswear products bearing pocket stitch and other designs virtually identical to certain copyrighted and trademarked designs owned by Plaintiffs. Accordingly, on August 19, 2011 Plaintiffs commenced an action for, *inter alia*, copyright and trademark infringement against LA Idol, such action bearing the caption *Sweet People Apparel, Inc. d/b/a Miss Me et al. v. LA Idol Fashion, Inc.*, Case No.: 11-Civ-06849 (SVW) (FFMx) (C.D. Cal.) (the "First Action"), and on September 19, 2011, Plaintiffs filed a Motion for Preliminary Injunction. On October 11, 2011, the Hon. Stephen V. Wilson granted Plaintiffs' Motion for Preliminary Injunction, and on October 25, 2011, Judge Wilson entered an order preliminarily enjoining LA Idol from selling all products bearing the infringing designs at issue in the First Action.

7.     On April 12, 2012, following a three-day trial on liability, a jury reached a unanimous verdict in the First Action finding that LA Idol had willfully and intentionally infringed Plaintiffs' copyrighted and trademarked designs. Attached hereto as Exhibit A is a true and correct copy of the jury's verdict form in the First Action. During the course of the First Action, Plaintiffs learned that Defendant Yih was the owner and President of LA Idol, was responsible for the design of all jeanswear products LA Idol offered for sale and sold, and was the moving, active, conscious force directing LA Idol's willful copyright and trademark infringement.

8.     Upon information and belief, prior to and following the jury's verdict in the First Action, and in any event following the commencement of the First Action and following Judge Wilson's entry of the October 25, 2011 Preliminary Injunction Order in the First Action, LA Idol designed, imported, distributed, offered for sale and/or sold jeanswear products bearing designs that infringed copyrighted and trademarked designs owned by Plaintiffs that were not the subject of the First Action. LA Idol began offering for sale and selling these infringing designs after substantial resources were expended by Plaintiffs in promoting and selling jeanswear products containing their copyrighted and trademarked designs, and after consumers had come

to recognize such designs and associate them exclusively with Plaintiffs.  This conduct was in bad faith, was undertaken without Plaintiffs' consent, and was engaged in by LA Idol deliberately so that it could directly compete with Plaintiffs.

## THE PARTIES

9.     Plaintiff Sweet People is a corporation duly organized and existing under the laws of the State of California, and maintains its principal place of business at 4715 S. Alameda Street, Los Angeles, California 90058.

10.     Plaintiff RCRV is a corporation organized and existing under the laws of the State of California, and maintains its principal place of business at 4715 S. Alameda Street, Los Angeles, California 90058.

11.     Upon information and belief, Defendant LA Idol is a corporation duly organized and existing under the laws of the State of California, and maintains its principal place of business within this judicial district at 1100 S. San Pedro St. #K8, Los Angeles, California 90015.

12.     Upon information and belief, Defendant I-Yun Yih is an individual residing in this judicial district at 1033 Roanoke Road, San Marino, California 91108 and having an office located at 1100 S. San Pedro St. #K8, Los Angeles, California 90015.  Defendant Yih is also know by the name "Nancy Yih".  Upon further information and belief, Defendant Yih is the owner and President of LA Idol, and is the moving, active, conscious force directing LA Idol's wrongful actions described herein.  Accordingly, Defendant Yih is personally responsible and individually liable for the wrongful actions of LA Idol as described herein.

13.     Upon information and belief, Defendants John Does 1-10, inclusive, are individuals and/or entities whose conduct is the subject of this action, but whose identities or locations are unknown.  Such individuals and/or entities are believed to engage in, or operate and/or direct the activities of other parties engaged in the wrongful actions described herein.

14.     Upon information and belief, each of the Defendants is the agent,

representative and/or alter ego of the other Defendants.

## SWEET PEOPLE'S BUSINESS

15.     Sweet People manufactures, promotes, sells and distributes high-quality jeanswear and denim products throughout the United States, including in this judicial district, under the MISS ME brand name.  Sweet People's line of MISS ME brand jeanswear products are sold at retail by such well-known fashion retailers and department stores as Macy's, Dillard's and The Buckle, both in-store and online.

16.     Over the past several years, the MISS ME brand of jeanswear and denim products has become very popular in the highly competitive jeanswear market.  Due to its popularity, Sweet People's MISS ME jeanswear has received extensive media coverage and has appeared in numerous widely circulated fashion magazines, including *In Style*, *Elle*, *Glamour*, *Lucky*, *944 Magazine*, *Harper's Bazaar*, *Lucky*, *Teen Vogue* and *Nylon*.  In addition, celebrities such as Miley Cyrus, Paris Hilton and Beyonce have been photographed wearing MISS ME jeanswear.

17.     Among the many elements that identify MISS ME brand jeanswear products and distinguish them from the products of Sweet People's competitors are the unique and distinctive designs created by Sweet People and embroidered onto and/or otherwise affixed to its jeanswear products.  Such designs are used repeatedly by Sweet People on its MISS ME brand of jeanswear products, and have come to exclusively identify Sweet People as the source of such products.

18.     Among Sweet People's most important assets are the intellectual property rights it owns in the unique and distinctive designs used on and in connection with its MISS ME line of jeanswear products.  Such designs, which are subject to copyright and/or trademark protection, include Sweet People's Reverse Western Paisley JP5123 Design; Wide M Pocket Stitch Design; and Split Fleur De Lis Design.

5

## SWEET PEOPLE'S REVERSE WESTERN PAISLEY COPYRIGHT

19.   Sweet People owns U.S. Copyright Registration No. VA 1-740-404, issued on September 20, 2010, for its Reverse Western Paisley JP5123 Design (the "Reverse Western Paisley JP5123 Design").  A copy of the registration certificates for Sweet People's Reverse Western Paisley JP5123 Design Copyright along with a photograph of the Reverse Western Paisley JP5123 Design as used by Sweet People on its MISS ME line of jeanswear products is attached hereto as Exhibit B.

20.   The Sweet People Reverse Western Paisley JP5123 Design was created by Sweet People in 2009, and has been in continuous use by Sweet People on jeanswear products since at least as early as November 25, 2009.  Sweet People owns all right, title and interest in and to the Reverse Western Paisley JP5123 Design, which constitutes original and copyrightable subject matter under the U.S. Copyright Act.

21.   Sweet People has duly complied with all relevant requirements of the U.S. Copyright Act with respect to the Sweet People Reverse Western Paisley JP5123 Design Copyright.

## SWEET PEOPLE'S WIDE M POCKET STITCH DESIGN COPYRIGHT

22.   Sweet People owns U.S. Copyright Registration No. VA 1-733-503, issued on September 3, 2010, for its Wide M Pocket Stitch Design (the "Wide M Design").  A copy of the registration certificates for Sweet People's Wide M Design Copyright along with a photograph of the Wide M Design as used by Sweet People on its MISS ME line of jeanswear products is attached hereto as Exhibit C.

23.   The Wide M Design was created by Sweet People in 2008, and has been in continuous use by Sweet People on jeanswear products since at least as early as August 15, 2008.  Sweet People owns all right, title and interest in and to the Wide M Design, which constitutes original and copyrightable subject matter under the U.S. Copyright Act.

24.   Sweet People has duly complied with all relevant requirements of the

6

U.S. Copyright Act with respect to the Wide M Design.

**SWEET PEOPLE'S SPLIT FLEUR DE LIS DESIGN COPYRIGHT**

25.     Sweet People owns U.S. Copyright Registration No. VA 1-807-380, issued on December 28, 2011, for its Split Fleur De Lis JW530TB3 Design (the "Split Fleur De Lis Design Copyright").  A copy of the registration certificate for Sweet People's Split Fleur De Lis Design Copyright along with a photograph of the Split Fleur De Lis Design as used by Sweet People on its MISS ME line of jeanswear products is attached hereto as Exhibit D.

26.     The Split Fleur De Lis Design was created by Sweet People in 2010, and has been in continuous use by Sweet People on jeanswear products since at least as early as January 3, 2011.  Sweet People owns all right, title and interest in and to the Split Fleur De Lis Design, which constitutes original and copyrightable subject matter under the U.S. Copyright Act.

27.     Sweet People has duly complied with all relevant requirements of the U.S. Copyright Act with respect to the Sweet People Split Fleur De Lis Design Copyright.

28.     Sweet People's Reverse Western Paisley JP5123 Design Copyright; Wide M Pocket Stitch Design Copyright; and Split Fleur De Lis Design Copyright are collectively referred to as the "Sweet People Copyrights".

**SWEET PEOPLE'S WIDE M POCKET STITCH DESIGN TRADEMARK**

29.     Sweet People owns trademark rights in certain of the unique and distinctive designs it uses on and in connection with its MISS ME brand of jeanswear products.

30.     Among the design trademarks owned and used by Sweet People is its distinctive Wide M Design, which is embroidered onto the rear pocket of its MISS ME line of jeanswear products (the "WIDE M DESIGN Trademark").  Sweet People created the Wide M Design in 2008, and it has been in continuous use by Sweet People on jeanswear products since at least as early as August 15, 2008.

31.     The WIDE M DESIGN Trademark is the subject of U.S. Trademark Registration No. 4,039,938, registered on October 11, 2011 on the Supplemental Register for apparel products.  Sweet People's trademark registration for the WIDE M DESIGN Trademark is in full force and effect.  A copy of the registration certificate for the WIDE M DESIGN Trademark is attached hereto as Exhibit E.

32.     In addition to being, in and of itself, a highly distinctive design, as a result of Sweet People's uninterrupted and continuing promotion and sale of Sweet People's line of MISS ME brand jeanswear products bearing the WIDE M DESIGN Trademark, and the widespread editorial coverage of such products, Sweet People's WIDE M DESIGN Trademark has acquired distinctiveness, and has developed a strong secondary meaning among consumers and the trade.  Accordingly, Sweet People's WIDE M DESIGN Trademark immediately identifies Sweet People as the exclusive source of products that bear the design, and signifies goodwill of incalculable value.

33.     The Sweet People Copyrights and Sweet People's WIDE M DESIGN Trademark are collectively referred to as the "Sweet People Protected Designs".

### RCRV'S BUSINESS

34.     RCRV manufactures, promotes, sells and distributes high-quality jeanswear and denim products throughout the United States, including in this judicial district, under the ROCK REVIVAL brand name.

35.     ROCK REVIVAL brand jeanswear is sold at retail by such well-known fashion chain stores and department stores as The Buckle and Nordstrom, both in-store and online.  ROCK REVIVAL brand jeanswear and denim products have become very popular in the highly competitive jeanswear market.  Among the many elements that distinguish ROCK REVIVAL jeanswear from its competitors are a series of design elements embroidered onto the jeans that are used exclusively on ROCK REVIVAL jeanswear, and which have come to identify RCRV as the source of such products.

## RCRV'S ARROW STITCH DESIGN MARK

36.     In March 2006, RCRV's predecessor introduced the Arrow Stitch Design on its jeans (the "ARROW STITCH DESIGN Trademark"), a new and unique design that was unlike anything seen before in the jeanswear industry.  A photograph of the ARROW STITCH DESIGN Trademark as used by RCRV on its ROCK REVIVAL line of jeanswear products is attached hereto as Exhibit F.  The ARROW STITCH DESIGN Trademark is so highly distinctive that it immediately serves as an inherently distinctive indicator of source.  Further, and in any case, the ARROW STITCH DESIGN has become distinctive of RCRV's goods through RCRV's and its predecessor's exclusive and continuous use of the design in commerce since March 2006.

37.     On May 26, 2011, RCRV applied to register the ARROW STITCH DESIGN on the Principal Register (U.S. Trademark Application Serial Number 85/330,876).  The U.S. Trademark Office, after finding that the ARROW STITCH DESIGN Trademark had acquired secondary meaning, issued a Notice of Publication on May 9, 2012, and the mark was published for opposition on May 29, 2012.  On July 6, 2012, knowing full well that it had been infringing the ARROW STITCH DESIGN Trademark for some time, LA Idol purported to file a notice of opposition with the U.S. Trademark Office.  As LA Idol's notice of opposition was, however, untimely (*i.e.*, it was filed with the U.S. Trademark Office more than 30 days after the ARROW STITCH DESIGN Trademark was published for opposition), RCRV is informed and believes that the Trademark Office will reject such purported opposition, and a Principal Register certificate of registration for the ARROW STITCH DESIGN Trademark is expected to issue shortly.

38.     Presently, RCRV's products bearing the ARROW STITCH DESIGN are distributed and sold in over 900 stores worldwide, including well-known retailers such as Macy's and Nordstrom.  In addition, products bearing the ARROW STITCH DESIGN are featured online at RCRV's ROCK REVIVAL brand official website,

www.rockrevival.com, and are sold on websites affiliated with RCRV's authorized retail department stores, including The Buckle and Nordstrom.  The online depictions of RCRV products bearing the ARROW STITCH DESIGN Trademark have created millions of "impressions" of the ARROW STITCH DESIGN Trademark among consumers.

39.   The ARROW STITCH DESIGN Trademark appears on all products sold under the ROCK REVIVAL brand name.  In the United States, sales of products bearing RCRV's ARROW STITCH DESIGN Trademark have been rapidly increasing over the past few years.  For example, sales of products bearing the ARROW STITCH DESIGN Trademark exceeded $4 million in 2008, $22.5 million in 2009 and $36.7 million in 2010.  Moreover, sales of products bearing the ARROW STITCH DESIGN Trademark exceeded $50 million in 2011.

40.   RCRV has expended substantial amounts of money promoting the ARROW STITCH DESIGN Trademark as an indicator of source for its goods.  In particular, over the last five years, products bearing the ARROW STITCH DESIGN Trademark have been featured in leading mainstream and fashion publications.  For example, the leading fashion industry publication *Women's Wear Daily* listed ROCK REVIVAL as the tenth-most searched-for denim brand in its April 2009.  Moreover, celebrities have repeatedly been photographed wearing RCRV jeanswear bearing the ARROW STITCH DESIGN Trademark, including Steven Tyler, lead singer of the famous rock band Aerosmith and former judge on the top-rated television program "American Idol", in *Rolling Stone* magazine; the Oscar winning actress, Halle Berry, in *US Weekly*; actress Teri Hatcher, a lead character on the popular television show "Desperate Housewives"; and former National Football League star and recent "Dancing With The Stars" winner, Hines Ward.

41.   In addition to being, in and of itself, a highly distinctive design, as a result of RCRV's uninterrupted and continuing promotion and sale of RCRV's line of ROCK REVIVAL brand jeanswear products bearing the ARROW STITCH DESIGN

Trademark, and the widespread editorial coverage of such products, RCRV's ARROW STITCH DESIGN Trademark has acquired distinctiveness, and has developed a strong secondary meaning among consumers and the trade. Accordingly, RCRV's ARROW STITCH DESIGN Trademark immediately identifies RCRV as the exclusive source of products that bear the design, and signifies goodwill of incalculable value.

## **DEFENDANTS' INFRINGING CONDUCT**

42.    Upon information and belief, Defendant LA Idol is currently, and at all times relevant hereto has been engaged in the business of designing, manufacturing, importing, distributing, advertising, promoting, offering for sale and selling apparel products, including jeanswear.

43.    Upon information and belief, Defendant LA Idol is designing, manufacturing, importing, distributing, advertising, promoting, offering for sale and/or selling, and/or are causing to be designed, manufactured, imported, distributed, advertised, promoted, offered for sale and/or sold, without authorization or license from Plaintiffs, jeanswear products bearing designs that are studied imitations of the Sweet People Protected Designs (the "Infringing Sweet People Designs"), and the ARROW STITCH DESIGN Trademark (the "Infringing RCRV Design").  The Infringing Sweet People Designs and the Infringing RCRV Design are collectively referred to as the "Infringing Designs."

44.    A photograph of an infringing western paisley design used by LA Idol on its jeanswear products which is a studied imitation of Sweet People's Reverse Western Paisley JP5123 Design Copyright is attached hereto as Exhibit G.

45.    A photograph of an infringing wide M pocket stitch design used by LA Idol on its jeanswear products which is a studied imitation of Sweet People's WIDE M Pocket Stitch Design Copyright and Trademark is attached hereto as Exhibit H.

46.    A photograph of an infringing split fleur de lis design used by LA Idol on its jeanswear products which is a studied imitation of Sweet People's Split Fleur

De Lis Design Copyright is attached hereto as Exhibit I.

47.     A photograph of an infringing arrow stitch design used by LA Idol on its jeanswear products which is a studied imitation of RCRV's ARROW STITCH DESIGN Trademark is attached hereto as Exhibit J.

48.     Upon information and belief, both before and after the jury's unanimous verdict in the First Action finding that LA Idol had willfully and deliberately infringed certain of Plaintiffs' copyrighted and trademarked designs, LA Idol designed, manufactured, imported, distributed, advertised, promoted, offered to sell and/or sold the products bearing the Infringing Designs to retail outlets throughout the United States, including outlets located in this judicial district.

49.     Rather than going to the effort and expense of developing and creating its own unique, source-identifying designs, LA Idol has deliberately, knowingly and faithfully replicated the Sweet People Protected Designs and the ARROW STITCH DESIGN Trademark.  As a result, LA Idol's jeanswear products bearing the Infringing Designs are likely to cause consumers, either at the point-of-sale or post-sale, to believe that products bearing the Infringing Designs are authorized, sponsored, approved, endorsed or licensed by Plaintiffs, or are in some other way affiliated, associated, or connected with Plaintiffs.

50.     Upon information and belief, LA Idol was aware of the fact that the Sweet People Protected Designs and the ARROW STITCH DESIGN Trademark were well-known designs of Plaintiffs at the time it began using the Infringing Designs on its jeanswear products.  Accordingly, upon information and belief, LA Idol has been engaging in the above-described unlawful activities knowingly and intentionally, and/or with reckless disregard for Sweet People's rights in the Sweet People Protected Designs, and RCRV's rights in the ARROW STITCH DESIGN Trademark.

51.     Upon information and belief, LA Idol is designing, manufacturing, importing, distributing, advertising, promoting, offering for sale and/or selling, and/or

is causing to be designed, manufactured, imported, distributed, advertised, promoted, offered for sale and/or sold, without authorization or license, jeanswear products bearing the Infringing Designs at prices below the retail prices at which Plaintiffs' products bearing such identifying marks and designs are sold.

52.     Upon information and belief, Defendant Yih, the owner and President of LA Idol, was responsible for the creation of the Infringing Designs, and was otherwise the moving, active, conscious force directing all of LA Idol's foregoing willful infringements.

53.     Upon information and belief, Defendants intend to continue to design, manufacture, import, distribute, advertise, promote, offer for sale and/or sell products bearing the Infringing Designs, unless otherwise restrained by this Court.

54.     Unless Defendants' conduct is enjoined, such conduct will severely inhibit and/or destroy the ability of the Sweet People Protected Designs to identify Sweet People as the exclusive source of goods to which they are affixed.

55.     Unless Defendants' conduct is enjoined, such conduct will severely inhibit and/or destroy the ability of the ARROW STITCH DESIGN Trademark to identify RCRV as the exclusive source of goods to which they are affixed.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)
## (BY PLAINTIFF SWEET PEOPLE)

56.     The allegations set forth in paragraphs 1 through 55 hereof are adopted and incorporated by reference as if fully set forth herein.

57.     Sweet People is the owner of a U.S. copyright registration for the Reverse Western Paisley JP5123 Design, which registration is in full force and effect.

58.     Defendants, without authorization from Sweet People, have designed, manufactured, imported, distributed, advertised, promoted, offered for sale and/or sold jeanswear products incorporating designs that were deliberately copied from and are substantially similar in overall appearance to Sweet People's Reverse Western

Paisley JP5123 Design.

59.    Defendants thereby have willfully infringed and, upon information and belief, are continuing to willfully infringe Sweet People's copyright in the Reverse Western Paisley JP5123 Design.

60.    Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or in equity entitled.

61.    Upon information and belief, Defendants intend to continue their willful conduct, and will continue to willfully infringe Sweet People's copyright in the Reverse Western Paisley JP5123 Design, and to act in bad faith, unless restrained by this Court.

62.    Defendants' acts have damaged and will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)
## <u>(BY PLAINTIFF SWEET PEOPLE)</u>

63.    The allegations set forth in paragraphs 1 through 62 hereof are adopted and incorporated by reference as if fully set forth herein.

64.    Sweet People is the owner of a U.S. copyright registration for the Wide M Pocket Stitch Design, which registration is in full force and effect.

65.    Defendants, without authorization from Sweet People, have designed, manufactured, imported, distributed, advertised, promoted, offered for sale and/or sold jeanswear products incorporating designs that were deliberately copied from and are substantially similar in overall appearance to Sweet People's Wide M Pocket Stitch Design.

66.    Defendants thereby have willfully infringed and, upon information and belief, are continuing to willfully infringe Sweet People's copyright in the Wide M Pocket Stitch Design.

67.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or in equity entitled.

68.     Upon information and belief, Defendants intend to continue their willful conduct, and will continue to willfully infringe Sweet People's copyright in the Wide M Pocket Stitch Design, and to act in bad faith, unless restrained by this Court.

69.     Defendants' acts have damaged and will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**

**COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

**(BY PLAINTIFF SWEET PEOPLE)**

70.     The allegations set forth in paragraphs 1 through 69 hereof are adopted and incorporated by reference as if fully set forth herein.

71.     Sweet People is the owner of a U.S. copyright registration for the Split Fleur De Lis Design, which registration is in full force and effect.

72.     Defendants, without authorization from Sweet People, have designed, manufactured, imported, distributed, advertised, promoted, offered for sale and/or sold jeanswear products incorporating designs that were deliberately copied from and are substantially similar in overall appearance to Sweet People's Split Fleur De Lis Design.

73.     Defendants thereby have willfully infringed and, upon information and belief, are continuing to willfully infringe Sweet People's copyright in the Split Fleur De Lis Design.

74.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or in equity entitled.

75.     Upon information and belief, Defendants intend to continue their willful conduct, and will continue to willfully infringe Sweet People's copyright in the Split

Fleur De Lis Design, and to act in bad faith, unless restrained by this Court.

76.    Defendants' acts have damaged and will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)
## (BY PLAINTIFF SWEET PEOPLE)

77.    The allegations set forth in paragraphs 1 through 76 hereof are adopted and incorporated by reference as if fully set forth herein.

78.    Sweet People's WIDE M DESIGN Trademark has acquired strong secondary meaning in the marketplace and immediately indicates Sweet People as the exclusive source of jeanswear products on which it is used.

79.    Defendants, without authorization or approval from Sweet People, and after Sweet People created and first used the WIDE M DESIGN Trademark on its jeanswear products, have designed, manufactured, imported, distributed, advertised, promoted, sold and/or offered for sale jeanswear products which deliberately contain a design that is identical and/or confusingly similar to the WIDE M DESIGN Trademark.

80.    Upon information and belief, Defendants' products bearing a design that is identical and/or confusingly similar to the WIDE M DESIGN Trademark is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' products bearing such infringing design, or as to a possible affiliation, connection or association between Sweet People and Defendants, and/or between Sweet People and the products bearing the infringing design.

81.    Upon information and belief, Defendants have acted with knowledge of Sweet People's ownership of the WIDE M DESIGN Trademark, and with the deliberate intention to unfairly benefit from the goodwill symbolized thereby.

82.    Defendants' acts constitute willful trademark infringement in violation

of 15 U.S.C. § 1114.

83.   Upon information and belief, by their actions, Defendants intend to continue their infringing conduct, and to willfully infringe Sweet People's WIDE M DESIGN Trademark, unless restrained by this Court.

84.   Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

85.   Upon information and belief, Defendants' acts have caused and will continue to cause irreparable harm to Sweet People, and Sweet People has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1125(a))
## (BY PLAINTIFF RCRV)

86.   The allegations set forth in paragraphs 1 through 85 hereof are adopted and incorporated by reference as if fully set forth herein.

87.   RCRV's ARROW STITCH DESIGN Trademark has acquired strong secondary meaning in the marketplace and immediately indicates RCRV as the exclusive source of jeanswear products on which it is used.

88.   Defendants, without authorization or approval from RCRV, have deliberately designed, manufactured, imported, distributed, advertised, promoted, sold and/or offered for sale jeanswear products which contain a design that is identical and/or confusingly similar to the ARROW STITCH DESIGN Trademark.

89.   Upon information and belief, Defendants' products bearing a design that is identical and/or confusingly similar to the ARROW STITCH DESIGN Trademark is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' products bearing such infringing design, or as to a possible affiliation, connection or association between RCRV and Defendants, and/or between RCRV

17

and the products bearing the infringing design.

90.     Upon information and belief, Defendants have acted with knowledge of RCRV's ownership of the ARROW STITCH DESIGN Trademark, and with the deliberate intention to unfairly benefit from the goodwill symbolized thereby.

91.     Defendants' acts constitute willful trademark infringement in violation of 15 U.S.C. § 1125(a).

92.     Upon information and belief, by their actions, Defendants intend to continue their infringing conduct, and to willfully infringe RCRV's ARROW STITCH DESIGN Trademark, unless restrained by this Court.

93.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

94.     Upon information and belief, Defendants' acts have caused and will continue to cause irreparable harm to RCRV, and RCRV has no adequate remedy at law.

**SIXTH CLAIM FOR RELIEF**

**<u>FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))</u>**
**<u>(BY BOTH PLAINTIFFS)</u>**

95.     The allegations set forth in paragraphs 1 through 94 hereof are adopted and incorporated by reference as if fully set forth herein.

96.     Defendants' deliberate design, manufacture, importation, distribution, advertising, promotion, offer for sale and/or sale of jeanswear products bearing the Infringing Designs, without authorization from Plaintiffs, is intended to cause and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of such products, or as to a possible affiliation, connection or association between Plaintiffs and Defendants, and/or between Plaintiffs and such products.

97.     Defendants' conduct as aforementioned constitutes a willful false

18

designation of the origin of the products bearing the Infringing Designs, and/or false and misleading descriptions and representations of fact, all in violation of 15 U.S.C. § 1125(a).

98.    Upon information and belief, by their actions, Defendants intend to continue to falsely designate the origin of their products as aforesaid, unless restrained by this Court.

99.    Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

100.   Upon information and belief, Defendants' acts have caused and will continue to cause irreparable harm to Plaintiffs, and Plaintiffs have no adequate remedy at law.

**SEVENTH CLAIM FOR RELIEF**

**COMMON LAW TRADEMARK INFRINGEMENT**

**AND UNFAIR COMPETITION**

**(BY BOTH PLAINTIFFS)**

101.   The allegations set forth in paragraphs 1 through 100 hereof are adopted and incorporated by reference as if fully set forth herein.

102.   By deliberately designing, manufacturing, importing, distributing, promoting, advertising, offering for sale and/or selling jeanswear products bearing the Infringing Designs, Defendants are deceptively attempting to "pass off" their products as those of Plaintiffs, or as somehow related to or associated with, or sponsored or endorsed by, Plaintiffs, thereby exploiting Plaintiffs' reputation and goodwill in the marketplace.

103.   Defendants' acts and conduct are likely to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' products, or as to a possible affiliation, connection or association between Plaintiffs and Defendants, and/or between Plaintiffs and Defendants'

products, in violation of Plaintiffs' rights under the common law of the State of California.

104.   Upon information and belief, by their actions, Defendants intend to continue their infringing and unfairly competitive acts, unless restrained by this Court.

105.   Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

106.   Upon information and belief, Defendants' acts have caused and will continue to cause irreparable harm to Plaintiffs, and Plaintiffs have no adequate remedy at law.

107.   Pursuant to the common law of the State of California, Plaintiffs are entitled to injunctive relief and an award of damages and Defendants' profits resulting from Defendants' willful conduct.

108.   Plaintiffs are further informed and believe that Defendants' conduct was oppressive, fraudulent and malicious, and are thereby entitled to an award of punitive damages.

**EIGHTH CLAIM FOR RELIEF**

**CALIFORNIA UNFAIR COMPETITION**

**(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

**<u>(BY BOTH PLAINTIFFS)</u>**

109.   The allegations set forth in paragraphs 1 through 108 hereof are adopted and incorporated by reference as if fully set forth herein.

110.   The aforesaid acts of Defendants constitute unlawful, unfair, or fraudulent unfair competition in violation of California Business & Professions Code §§ 17200 *et seq*.

111.   Upon information and belief, Plaintiffs have standing to assert this claim under California Business & Professions Code §§ 17200 *et seq*. because their

monetary and property interests have been damaged by the aforesaid actions of Defendants.  By way of example, upon information and belief, Plaintiffs have lost sales of their jeanswear products due to Defendants' aforesaid conduct, and/or the value of the Sweet People Protected Designs and RCRV's ARROW STITCH DESIGN Trademark have been diminished by Defendants' actions.

112.   Upon information and belief, by their actions, Defendants intend to continue their unfairly competitive conduct, unless restrained by this Court.

113.   Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

114.   Pursuant to California Business & Professions Code §§ 17200 *et seq.*, Plaintiffs are entitled to injunctive relief and an award of attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

1.   Finding that, (i) as to Counts 1-3, Defendants engaged in willful copyright infringement in violation of 17 U.S.C. § 501; (ii) as to Count 4, Defendants engaged in willful trademark infringement in violation of 15 U.S.C. § 1114; (iii) as to Count 5, Defendants engaged in willful trademark infringement in violation of 15 U.S.C. § 1125(a); (iv) as to Count 6, Defendants engaged in acts of false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a); (v) as to Count 7, Defendants engaged in willful trademark infringement and unfair competition under the common law of the State of California; and (vi) as to Count 8, Defendants engaged in willful unfair competition in violation of California Business & Professions Code §§ 17200 *et seq.*

2.   That Defendants and all of those acting in concert with them, including their agents and servants, and all those on notice of this suit, be preliminarily and permanently enjoined from:

(a)    Designing, manufacturing, importing, distributing, advertising, promoting, offering for sale and/or selling any products which bear the Infringing Designs, or any other design substantially similar in overall appearance and/or confusingly similar thereto, and engaging in any other activity constituting an infringement of any of Plaintiffs' rights in and to the Sweet People Protected Designs and RCRV's ARROW STITCH DESIGN Trademark; and

(b)    engaging in any activity constituting unfair competition with Plaintiffs, or acts and practices that deceive the public and/or the trade, including, without limitation, the use of design elements and designations associated with Plaintiffs.

3.    That Defendants be required to take such other measures as the Court may deem appropriate to prevent the public from deriving any erroneous impression that products bearing the Infringing Designs have been designed, manufactured, imported, distributed, advertised, promoted, offered for sale and/or sold by Plaintiffs, have been authorized by Plaintiffs, or are related to or associated in any way with Plaintiffs or their products.

4.    That Defendants be required to recall all infringing items and advertising and promotional materials, and thereafter to deliver up for destruction all infringing designs, artwork, packaging, advertising and promotional materials, and any means of making such infringing items.

5.    That the Court award Sweet People (i) Defendants' profits and Sweet People's damages and/or statutory damages, attorneys' fees and costs, to the full extent provided for by 17 U.S.C. §§ 504 and 505; (ii) Defendants' profits and Sweet People's damages, attorneys' fees and costs, to the full extent provided for by 15 U.S.C. § 1117, with any monetary award under 15 U.S.C. § 1117 to be trebled; (iii) attorneys' fees and injunctive and other equitable relief, to the full extent provided for by California Business & Professions Code §§17200 *et seq.*, to prevent Defendants from continuing to engage in the unlawful, unfair, and/or fraudulent

business practices alleged herein and from continuing to receive ill-gotten gains therefrom; (iv) actual and punitive damages as provided for under the common law; and (v) attorneys' fees and costs incurred herein.

6.    That the Court award RCRV (i) Defendants' profits and RCRV's damages, attorneys' fees and costs, to the full extent provided for by 15 U.S.C. § 1117, with any monetary award under 15 U.S.C. § 1117 to be trebled; (ii) attorneys' fees and injunctive and other equitable relief, to the full extent provided for by California Business & Professions Code §§17200 *et seq.*, to prevent Defendants from continuing to engage in the unlawful, unfair, and/or fraudulent business practices alleged herein and from continuing to receive ill-gotten gains therefrom; (iii) actual and punitive damages as provided for under the common law; and (iv) attorneys' fees and costs incurred herein.

7.    That Plaintiffs be awarded pre-judgment and post-judgment interest on any monetary award made part of the judgment against Defendants.

8.    That Plaintiffs be awarded such additional and further relief as the Court deems just and proper.

///

///

///

Dated:  July 25, 2012

ARNOLD & PORTER LLP

By:  _J.C. U_____

John C. Ulin
John.Ulin@aporter.com
James S. Blackburn
James.Blackburn@aporter.com
Eric D. Mason
Eric.Mason@aporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, California  90017-5844
Telephone:  (213) 243-4000
Facsimile:  (213) 243-4199

*Attorneys for Plaintiffs*

## JURY DEMAND

Pursuant to Fed. R. Civ. Proc. 38(b), Plaintiffs Sweet People Apparel, Inc. d/b/a Miss Me and RCRV, Inc., d/b/a Rock Revival, hereby demand trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

Dated:  July 25, 2012                    ARNOLD & PORTER LLP

By:  *J. C. Ulin*
John C. Ulin
John.Ulin@aporter.com
James S. Blackburn
James.Blackburn@aporter.com
Eric D. Mason
Eric.Mason@aporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, California  90017-5844
Telephone:  (213) 243-4000
Facsimile:  (213) 243-4199

*Attorneys for Plaintiffs*

# EXHIBIT A

FILED
CLERK, U.S. DISTRICT COURT

APR | 2 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWEET PEOPLE APPAREL, INC., et al., ) | CASE NO. CV 11-6849-SVW(FFMx) |
| Plaintiffs, ) | |
| vs. ) | VERDICT |
| LA IDOL FASHION, INC.,, et al., ) | |
| Defendants. ) | REDACTED |

On the claims of Plaintiffs Sweet People Apparel, Inc. and RCRV, Inc. against Defendant LA Idol Fashion, Inc., we, the jury, find as follows:

1.  Has Plaintiff Sweet People Apparel, Inc. proven by a preponderance of the evidence that Defendant LA Idol Fashion, Inc.'s jeanswear designs infringe one or more of the following copyrighted designs?

| | | | | |
|---|---|---|---|---|
| Sweet People's Wing Design | Yes | ✓ | No | _____ |
| Sweet People's Fleur De Lis Design | Yes | ✓ | No | _____ |
| Sweet People's Beaded Cross Design | Yes | ✓ | No | _____ |
| Sweet People's JP5117 Cross Wing Design | Yes | ✓ | No | _____ |
| Sweet People's JP5095 Wing Cross Design | Yes | ✓ | No | _____ |
| Sweet People's Cross Roads Design | Yes | ✓ | No | _____ |
| Sweet People's Sparkle Cross Design | Yes | ✓ | No | _____ |

-1-

2.   If you answered "yes" to any of the copyrighted designs set forth in question number 1, do you find that Sweet People Apparel, Inc. has proven by a preponderance of the evidence that Defendant LA Idol Fashion, Inc. willfully infringed one or more of the following copyrighted designs?

| | | | |
|---|---|---|---|
| Sweet People's Wing Design | Yes | ✓ | No ____ |
| Sweet People's Fleur De Lis Design | Yes | ✓ | No ____ |
| Sweet People's Beaded Cross Design | Yes | ✓ | No ____ |
| Sweet People's JP5117 Cross Wing Design | Yes | ✓ | No ____ |
| Sweet People's JP5095 Wing Cross Design | Yes | ✓ | No ____ |
| Sweet People's Cross Roads Design | Yes | ✓ | No ____ |
| Sweet People's Sparkle Cross Design | Yes | ✓ | No ____ |

3.   Have Plaintiffs Sweet People Apparel, Inc. and RCRV, Inc. proven by a preponderance of the evidence that Defendant LA Idol Fashion, Inc.'s jeanswear designs infringe one or more of the following trademarked designs?

| | | | |
|---|---|---|---|
| Sweet People's Fabric Cut Out Design | Yes | ✓ | No ____ |
| RCRV's Inverted Fleur de Lis Design | Yes | ✓ | No ____ |

4.   If you answered "yes" to any of the trademarked designs set forth in question number 3, do you find that Sweet People Apparel, Inc. has proven by a preponderance of the evidence that Defendant LA Idol Fashion, Inc. willfully infringed one or more of the following trademarked designs?

| | | | |
|---|---|---|---|
| Sweet People's Fabric Cut Out Design | Yes | ✓ | No ____ |
| RCRV's Inverted Fleur de Lis Design | Yes | ✓ | No ____ |

5.   Have Plaintiffs Sweet People Apparel, Inc. and RCRV, Inc. proven by a preponderance of the evidence that Defendant LA Idol Fashion, Inc. engaged in common law trademark infringement with respect to one or more of the following trademarked designs?

| | | | |
|---|---|---|---|
| Sweet People's Fabric Cut Out Design | Yes | ✓ | No ____ |
| RCRV's Inverted Fleur de Lis Design | Yes | ✓ | No ____ |

-2-

6.  If you answered "yes" to any of the trademarked designs set forth in question number 7, do you find that Sweet People Apparel, Inc. has proven by a clear and convincing evidence that Defendant LA Idol Fashion, Inc. acted with fraud, oppression, or malice by engaging in common law trademark infringement with respect to one or more of the following trademarked designs?

Sweet People's Fabric Cut Out Design      Yes _____      No ✓
RCRV's Inverted Fleur de Lis Design       Yes _____      No ✓

DATE: 4/12/12         SIGNED: Redacted as to Foreperson's Name

Print Name: _____
JURY FOREPERSON

-3-

# **EXHIBIT B**

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**
**VA 1-740-404**

**Effective date of registration:**
September 20, 2010

---

### Title
**Title of Work:** Reverse Western Paisley JP5123

### Completion/ Publication
**Year of Completion:** 2009
**Date of 1st Publication:** November 25, 2009   **Nation of 1st Publication:** United States

### Author
- **Author:** Sweet People Apparel, Inc.
  **Author Created:** Artwork applied to clothing

  **Work made for hire:** Yes
  **Citizen of:** United States   **Domiciled in:** United States

### Copyright claimant
**Copyright Claimant:** Sweet People Apparel, Inc.
4715 S. Alameda St., Los Angeles, CA, 90058, United States

### Rights and Permissions
**Organization Name:** Sweet People Apparel, Inc.
**Name:** Lilly Kim
**Email:** lillykim@missme.com   **Telephone:** 323-235-7307
**Address:** 4715 S. Alameda St.
Los Angeles, CA 90058

### Certification
**Name:** Lilly Kim
**Date:** September 20, 2010

---

Page 1 of 1

# EXHIBIT C

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

VA 1-733-503

**Effective date of registration:**

September 3, 2010

### Title

**Title of Work:** Wide M Pocket Stitch Design

### Completion/Publication

**Year of Completion:** 2008

**Date of 1st Publication:** August 15, 2008    **Nation of 1st Publication:** United States

### Author

**Author:** Sweet People Apparel, Inc.

**Author Created:** Artwork Applied To Clothing

**Work made for hire:** Yes

**Citizen of:** United States

### Copyright claimant

**Copyright Claimant:** Sweet People Apparel, Inc.

4715 S. Alameda Street, Los Angeles, CA 90058, United States

### Rights and Permissions

**Organization Name:** Sweet People Apparel, Inc.

**Address:** 4715 S. Alameda Street

Los Angeles, CA 90058  United States

### Certification

**Name:** Brent S. LaBarge

**Date:** September 3, 2010

**Applicant's Tracking Number:** 21406.001

Page 1 of 1

31

# EXHIBIT D

## Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-807-380**

**Effective date of registration:**

December 28, 2011

---

### Title

| | |
|---|---|
| **Title of Work:** | Split Fleur de Lis JW530TB3 |

### Completion/Publication

| | | | |
|---|---|---|---|
| **Year of Completion:** | 2010 | | |
| **Date of 1st Publication:** | January 3, 2011 | **Nation of 1st Publication:** | United States |

### Author

| | | |
|---|---|---|
| ■ **Author:** | Sweet People Apparel, Inc. | |
| **Author Created:** | Artwork Applied to Clothing | |
| **Work made for hire:** | Yes | |
| **Citizen of:** | United States | **Domiciled in:** United States |

### Copyright claimant

| | |
|---|---|
| **Copyright Claimant:** | Sweet People Apparel, Inc. |
| | 4715 S. Alameda St., Los Angeles, CA, 90058 |

### Rights and Permissions

| | |
|---|---|
| **Organization Name:** | Sweet People Apparel, Inc. |
| **Address:** | 4715 S. Alameda St. |
| | Los Angeles, CA 90058 |

### Certification

| | |
|---|---|
| **Name:** | Lilly Kim |
| **Date:** | December 28, 2011 |

Page 1 of 1

33



1

# EXHIBIT E

2

3

4

5

# United States of America

6

## United States Patent and Trademark Office

7

8

9



10

11

12

**Reg. No. 4,039,938**

13

**Registered Oct. 11, 2011**

SWEET PEOPLE APPAREL, INC. (CALIFORNIA CORPORATION)
4715 S. ALAMEDA STREET
LOS ANGELES, CA 90058

**Int. Cl.: 25**

FOR: APPAREL, NAMELY, JEANS, PANTS, SHORTS AND SKIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

14

**TRADEMARK**

FIRST USE 5-5-2008; IN COMMERCE 8-15-2008.

15

**SUPPLEMENTAL REGISTER**

THE MARK CONSISTS OF A STYLIZED LETTER "M" DISPLAYED ON A POCKET. THE DOTTED OUTLINE IN THE MARK IS INTENDED TO SHOW THE POSITION OF THE MARK ON THE POCKET AND IS NOT PART OF THE MARK.

16

SER. NO. 85-139,716, FILED 9-28-2010.

17

MICHAEL TANNER, EXAMINING ATTORNEY

18

19

20



21

22

23

24

_David J. Kappos_

25

Director of the United States Patent and Trademark Office

26

27

28

1

**EXHIBIT F**



1

**EXHIBIT G**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**<u>EXHIBIT H</u>**





# EXHIBIT I



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**EXHIBIT J**



ARNOLD & PORTER LLP
John C. Ulin (State Bar No. 165524)
John.Ulin@aporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWEET PEOPLE APPAREL, INC. d/b/a Miss Me, a California corporation, and RCRV, INC. d/b/a ROCK REVIVAL, a California corporation,<br><br>PLAINTIFF(S)<br><br>v.<br><br>LA IDOL FASHION, INC., a California corporation, I-YUN YIH a/k/a NANCY YIH, an individual, and JOHN DOES 1-10, inclusive<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-06408 SJO (PLAx)<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S):  LA IDOL FASHION, INC. and I-YUN YIH a/k/a NANCY YIH

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _____John C. Ulin_____, whose address is __Arnold & Porter LLP, 777 S. Figueroa St., 44th Floor, Los Angeles, CA, 90017-5844__   If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JUL 26 2012

Dated: _____

Clerk, U.S. District Court

**JULIE PRADO**

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Sweet People Apparel, Inc. d/b/a Miss Me, and RCRV, Inc. d/b/a Rock Revival

**DEFENDANTS**
LA Idol Fashion, Inc., I-Yun Yih a/k/a Nancy Yih, and John Does 1-10

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Arnold & Porter LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT: $** 100,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright Act (copyright infringement); Lanham Act (trademark infringement)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-06408

**FOR OFFICE USE ONLY:** Case Number:

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or ☒No ☐Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒Yes
If yes, list case number(s):  11-cv-06849-SVW-FFM, 12-cv-02759-ODW-CW

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☒ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date July 25, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV12- 6408 SJO (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.